## STORM v. ROBERTS & WARNER.

1. **Practice**: JURISDICTION: PARTNERSHIP. Where in an action against a partnership the plaintiff dismissed as to one partner, it was held to be in effect a dismissal as against the firm, and that the court had no jurisdiction to render judgment against the remaining partner individually.

*Appeal from Webster Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION commenced before a justice of the peace. The justice rendered judgment against the defendants, and upon appeal to the Circuit Court judgment was rendered against Roberts and the sureties on the appeal bond. Warner and the sureties appeal.

*Hudson & Wright*, for appellants.

No appearance for appellee.

SEEVERS, J.—This action was on an account and a judgment against the partnership sought and obtained before the justice of the peace. No notice of the pendency of the action was served on Roberts, nor did he appear to the action before the justice or Circuit Court. The notice of appeal is signed by Warner, and states that he had appealed. The appeal bond recites that Roberts & Warner had appealed, but the bond is signed by Warner as principal and certain persons as sureties. The plaintiff in the Circuit Court dismissed the action as to Warner, but judgment was rendered against Roberts, individually, and the sureties.

*1. PRACTICE: jurisdiction: partnership.*

The trial judge has certified several questions upon which it is desirable to have the opinion of the Supreme Court, among which are whether the Circuit Court had jurisdiction of Roberts so as to render a personal judgment against him. This question we think must be answered in the negative. It may be conceded the partnership appeared before the justice and appealed. But when the action was dismissed as to Warner it amounted to a dismissal of the action against the partnership. No action had been brought against the partners individually. The plaintiff if he recovered at all must recover against the partnership; this he could not do after dismissing the action as to Warner. It follows the court had no jurisdiction against Roberts individually, and that the judgment is erroneous. The cause will be remanded to the Circuit Court with directions to render judgment for costs against the plaintiff.

REVERSED.